UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| THERESA FORTNER, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | No. 4:15CV1298 NCC |
| ANGELA MESMER, | ) |  |
| Respondent, | ) |  |

# MEMORANDUM AND ORDER

Theresa Fortner petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2254. Under § 2254, Rule 4, the Court is required to dismiss any part of a habeas petition that is facially insufficient to support a claim for relief. Grounds one and two of the petition[1] do not state a cognizable claim in federal habeas proceedings, and these claims are dismissed.

Fortner was convicted of second-degree felony murder, first-degree endangering the welfare of a child, and armed criminal action. *Missouri v. Fortner*, 451 S.W.3d 746, 749 (Mo. Ct. App. 2014). The jury found her guilty of killing her granddaughter while driving under the influence of alcohol. *Id.* "The car struck a deflector, a one-way street sign, a tree, and then crossed through a residential yard before colliding into a brick house and landing 'flipped up' and backwards against a tree. An eyewitness reported that [Fortner's car] was traveling at such a high rate of speed that two of its wheels were off the ground as it was coming off the highway exit." She and her granddaughter were both seriously injured, and her granddaughter died the following day. *Id.*

---

[1] Grounds one and two are found in "Attachment #1" to the petition, which is a partial copy of her appellate brief on direct appeal.

After she was transported to the hospital, police arrived to take a sample of her blood. *Id.* at 750. Although the doctor had previously drawn two vials of blood, the doctor could not find a vein to take a third sample. *Id.* As a result, the doctor gave the police officer one of the vials that was previously drawn. *Id.* The "blood sample revealed that [Fortner's] blood alcohol content was .226 percent, more than twice the legal limit." *Id.*

In her petition, Fortner argues that (1) the trial court erred in admitting her blood results over her objection because she did not give the officer consent and (2) because the sample was not taken in compliance with state law. She also claims the evidence was insufficient to support her conviction.

Grounds one and two are not cognizable under § 2254. A Fourth Amendment claim is not cognizable on federal habeas review unless the state fails to provide "an opportunity for full and fair litigation of [the] claim." *Stone v. Powell*, 428 U.S. 465, 494 (1976). Thus, the Court will review a Fourth Amendment claim raised in a habeas petition only if either "the state provided no procedure by which the prisoner could raise his Fourth Amendment claim, or the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system." *Willett v. Lockhart*, 37 F.3d 1265, 1273 (8th Cir. 1994) (en banc). In this case, Fortner appealed the admission of the test results, and the Missouri Court of Appeals considered the claim and found that the trial court correctly admitted them. As a result, petitioner's first claim is noncognizable in these proceedings.

Further, a district court may only entertain a petition for writ of habeas corpus if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." In other words, grounds that do not state a constitutional issue are not cognizable in a federal

habeas petition. *E.g. Gee v. Groose*, 110 F.3d 1346, 1351-52 (8th Cir. 1997). Fortner's second claim is based solely on state law and is therefore noncognizable.

Accordingly,

**IT IS HEREBY ORDERED** that grounds one and two of the petition are **DISMISSED**. A Case Management Order will be filed separately.

Dated this 24th day of August, 2015.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE